IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CINDI B. CLEMENS,

       Appellant,

 v.                                                  Case No. 5D15-3842

MICHAEL P. CLEMENS,

       Appellee.

_____/

Opinion filed September 30, 2016

Appeal from the Circuit Court
for Volusia County,
Dawn D. Nichols, Judge.

Mark A. Skipper, of Law Office of Mark A.
Skipper, Orlando, for Appellant.

No Appearance for Appellee.


EVANDER, J.

      Cindi Clemens ("the Wife") appeals a final judgment of dissolution of marriage. She contends that the trial court should have awarded her either permanent or rehabilitative alimony. We affirm, without discussion, the denial of her rehabilitative alimony request. However, we conclude that the trial court abused its discretion in denying the Wife's request for permanent alimony.

The parties married in May 1993 and separated in February 2012. No children were born of the marriage. The petition for dissolution was filed in January 2014 and proceeded to trial in September 2015. At the outset of the trial, the parties resolved all equitable distribution issues. The Wife's marital share of the Husband's pension was $1,009.64 per month, while the Husband's marital share was $2,833.00 per month. Although the record suggests that the parties have enjoyed a middle-class standard of living for much of the marriage, their marital estate was not substantial, in part, because the family business lost a substantial contract in 2014. The Wife held various jobs during the marriage prior to commencing work in the family business, without pay, in 2006.

At the time of trial, the Wife was fifty-two years old and unemployed. The Husband's gross income was approximately $1,250.00 per month. The trial court found that both parties were "underemployed" and imputed minimum wage income to each of them. In denying the Wife's request for permanent alimony, the trial court found that the Wife did not have a need for alimony based on the figures set forth in her most recent financial affidavit. This was error. The Wife's financial affidavit was based on her current living arrangements, where she was renting a single room in a friend's residence. However, permanent alimony is used "to provide for the needs and necessities of life for a former spouse as *they were established during the marriage of the parties*." *Mallard v. Mallard*, 771 So. 2d 1138, 1140 (Fla. 2000) (emphasis added); *see Price v. Price*, 951 So. 2d 55, 58 (Fla. 5th DCA 2007).

Because this was a long-term marriage,[1] there existed an initial presumption in favor of permanent alimony. *See Schlagel v. Schlagel*, 973 So. 2d 672, 676 (Fla. 2d DCA 2008). The Husband did not present evidence sufficient to rebut this presumption. Accordingly, we conclude that the trial court abused its discretion when it declined to award permanent alimony. The trial court may take into account the circumstances at the time of remand in determining the appropriate amount of permanent alimony to be awarded to the Wife. *Id.* at 677.

AFFIRMED, in part; REVERSED, in part; REMANDED.


PALMER and EDWARDS, JJ., concur.

---

[1] Section 61.08(4), Florida Statutes (2014), defines "long-term marriage" as a marriage having a duration of seventeen years or greater.